THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

[5] ANIBAL FELICIANO-IRIZARRY,

Defendant.

Crim. No. 17-00611 (ADC)

**OPINION AND ORDER**

Before the Court is defendant Anibal Feliciano-Irizarry's ("Feliciano") motion to sever his trial from co-defendant Joel Laboy-Rosario. **ECF No. 387**. Feliciano filed a supplemental motion to sever addressing recent First Circuit Court of Appeals case law. **ECF No. 413**. The government filed an opposition. **ECF No. 422**. For the following reasons, the motion is **DENIED**.

Feliciano is charged with engaging in a conspiracy to interfere with commerce by robbery. **ECF No. 267**. The indictment alleges Feliciano's four co-defendants engaged in an armed robbery on October 14, 2016, and that all five engaged in an armed robbery on March 30, 2017, which resulted in the shooting death of two bystanders. Feliciano is alleged to be one of the shooters and is also individually charged as a felon in possession of a weapon. **ECF No. 267**. Feliciano is not charged in the substantive counts arising out of the October 14, 2016 incident.

Two co-defendants have since entered guilty pleas. **ECF Nos. 404**, **363**. The remaining co-defendants are Joel Laboy-Rosario ("Joel"), alleged to be one of the drivers on March 30, 2017

Case 3:17-cr-00611-ADC Document 444 Filed 08/30/21 Page 2 of 6

**Crim. No. 17-00611-5 (ADC)** Page 2

and involved in the October 14, 2016 robbery, and Ralph Laboy-Santiago ("Ralph"), alleged to be the other shooter on March 30, 2017 and involved in the October 14, 2016 robbery. Feliciano asserts Ralph and Joel are brothers. **ECF No. 387** at 1.

Feliciano faces a joint trial with Joel and raises two grounds for severance. First, he asserts a joint trial will involve prejudicial spillover evidence pertaining to additional robberies. *Id.* at 4-5. Second, Feliciano believes Joel's defense will be unduly antagonistic and aided by his brother Ralph's testimony as the government's "star witness." *Id.* at 6-7.

Under Federal Rule of Criminal Procedure 8(b), an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.… All defendants need not be charged in each count." The rules also allow courts to sever co-defendants' trials if joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). However, "[t]he default rule is that defendants who are indicted together should be tried together." *U.S. v. Vega Molina*, 407 F.3d 511, 531 (1st Cir. 2005). "This rule has special force in conspiracy cases, in which the severance of coconspirators' trials will rarely, if ever, be required." *U.S. v. Floyd*, 740 F.3d 22, 36 (1st Cir. 2014) (citation and internal quotation marks omitted). To overcome the presumption in favor of joinder, a defendant "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice." *U.S. v. DeLeon*, 187 F.3d 60, 63 (1st Cir. 1999). "This requirement means more than establishing that the defendant might have … a better chance of acquittal in a separate

Case 3:17-cr-00611-ADC Document 444 Filed 08/30/21 Page 3 of 6

**Crim. No. 17-00611-5 (ADC)** **Page 3**

trial." *Id.* "Garden variety prejudice … will not, in and of itself, warrant severance." *U.S. v. Azor*, 881 F.3d 1, 12 (1st Cir. 2017). "The burden of persuasion in a claim of misjoinder rests with the defendant." *Id.* at 10.

Feliciano argues that the jury will hear evidence of three prior robberies Joel was allegedly involved in and that this evidence will dominate their joint trial. He explains that this evidence would not be admissible in a separate trial against him, but he would be unsuccessful in objecting to its admission in a joint trial. Feliciano argues that the prejudicial spillover effect will encourage the jury to find him guilty by association. **ECF No. 387** at 4-6. *See Zafiro v. U.S.*, 506 U.S. 534, 539 (1993) (recognizing the potential risks posed by spillover evidence).

Feliciano's anticipation of three robberies' worth of evidence is unpersuasive. The second superseding indictment alleges only one robbery prior to Feliciano joining the conspiracy—the October 14, 2016 robbery. **ECF No. 267**. Prior, superseded versions of the indictment identified another robbery. *See* **ECF Nos. 1** at 2; **26** at 2-3 (alleging a March 20, 2017 robbery). The Court must evaluate the challenged spillover evidence through the lens of the present indictment, "which sets the outer limits of the permissible basis for conviction and of what the government may endeavor to prove at trial. In evaluating the indictment's reach, [the court reads] it in a plain and commonsense manner, focusing on the text and what it reveals about the scope of the crimes the grand jury intended to charge." *U.S. v. Martínez*, 994 F.3d 1, 13 (1st Cir. 2021) (citations and internal quotation marks omitted).

Case 3:17-cr-00611-ADC   Document 444   Filed 08/30/21   Page 4 of 6

**Crim. No. 17-00611-5 (ADC)**                                                                                             **Page 4**

While the second superseding indictment describes the conspiracy as beginning "in or about" 2015, the first overt act alleged is the October 14, 2016 robbery. How or whether the government may opt to bridge this gap is yet to be determined. That alone, however, does not mandate that robberies extraneous to the second superseding indictment be admitted during a joint trial of Feliciano and Joel. And if such evidence is offered, objection by either defendant could be successful. The parties may also seek limiting jury instructions if a need arises.

Moreover, although the October 14, 2016 armed robbery pre-dated Feliciano's involvement in the conspiracy, that robbery is also alleged in the indictment as an overt act in furtherance of the conspiracy. When an individual "opts to join an ongoing conspiracy, the law holds him accountable for the earlier acts of his coconspirators in furtherance of the conspiracy." *U.S. v. David*, 940 F.2d 722, 735 (1st Cir. 1991). Though Feliciano is not charged in the substantive counts arising out of the October 14, 2016 robbery, evidence of the incident nonetheless remains relevant to proving the conspiracy count. Thus, there can be no spillover effect of evidence that is relevant to one of the counts Feliciano faces. *See Martínez*, 994 F.3d at 13 ("[W]here evidence featuring one defendant is independently admissible against a codefendant, the latter cannot convincingly complain of an improper spillover effect." (citation and internal quotation marks omitted)).

Feliciano also argues that the separate robberies constitute distinct conspiracies rather than one overarching scheme. **ECF No. 413** at 2. For support, he cites *U.S. v. Martínez*, 994 F.3d

Case 3:17-cr-00611-ADC Document 444 Filed 08/30/21 Page 5 of 6

**Crim. No. 17-00611-5 (ADC)** **Page 5**

1 (1st Cir. 2021). The facts are not alike in these cases. The indictment in *Martínez* identified more than one corruption scheme, each of which were headed by the same individual. The appellant and co-defendant from whom she sought severance[1] were involved in separate schemes and not charged as co-conspirators. *Id*. at 13. They "were charged only with distinct offenses." *Id*. The nature of the charges facing the co-defendant exposed the jury "to days of detailed evidence" describing a corrupt bidding process in the Puerto Rico House of Representatives in which appellant was not alleged to have engaged. *Id*. at 14. Indeed, she did not even work at the House of Representatives. *Id.* The Court of Appeals rejected this evidence as having independent admissibility, at least in its entirety, against the appellant. *Id*. The Appellate Court also described the government as repeatedly blurring the lines between the multiple schemes, contributing to the risk of spillover prejudice. *Id.* at 15.

Here, we have one conspiracy in which all five co-defendants allegedly engaged. Feliciano and Joel are charged together in four of the seven counts remaining in the second superseding indictment. The 2016 robbery for which Feliciano is not charged is "easy to separate out." *See id.* at 16 (citation and internal quotation marks omitted). And at least some evidence of that robbery is relevant to proving the overt acts alleged in the conspiracy count. Moreover, Feliciano's claim that the indictment improperly conflates two conspiracies into one is a question the Court reserves for the fact finder's resolution. *See U.S. v. Bedini*, 861 F.3d 10, 14 (1st Cir. 2017).

---

[1] Several co-defendants faced trial together in *Martínez*.

Case 3:17-cr-00611-ADC   Document 444   Filed 08/30/21   Page 6 of 6

**Crim. No. 17-00611-5 (ADC)** **Page 6**

Feliciano also predicts Joel may pursue an antagonistic defense. He explains "there is a serious possibility" that Joel "might find it convenient and tactically worthy to point the accusatory finger towards [him] as someone who led the charge or was more culpable." **ECF No. 387** at 6-7. Feliciano argues that Joel's relationship to the government's "star witness," his brother Ralph, will perpetuate this antagonistic defense.

"The fact that two defendants assert antagonistic defenses does not, *per se*, require severance, even if defendants are hostile or attempt to cast blame on each other." *U.S. v. McLaughlin*, 957 F.2d 12, 18 (1st Cir. 1992). Feliciano has hardly alleged "a sufficient degree of antagonistic conflict between the defenses" to surpass the high bar for severance. *See U.S. v. Tiem Trinh*, 665 F.3d 1, 19 (1st Cir. 2011). Rather, he has presented an ambiguous prediction of what may occur. Additionally, Ralph's testimony as to Feliciano's involvement in the conspiracy and March 30, 2017 armed robbery would remain relevant regardless of whether Feliciano and Joel are tried together. To the extent Feliciano doubts whether Ralph will testify untruthfully, he is welcome to challenge Ralph's credibility at trial.

For these reasons, Feliciano's motion to sever is **DENIED. ECF Nos. 387, 413.**

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of August 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**